KERTY & HASNY *v.* G. S. MILES AND OTHERS.

**Attachment—Bond.**

Under § 268 of the Code, the court has power to permit the execution of a bond, upon the terms therein prescribed, upon the execution of which the property attached should be released.

39

**Attachment—Bond—Enforcement by Rule.**

The provisions of the Code must be complied with before the Court of Appeals will permit attachment plaintiff to resort to the harsh and summary method of enforcing the bond by rule.

**Attachment—Bond—Liability of Surety.**

By executing the statutory attachment bond, a surety places himself in a condition that when called on for the money he is not allowed the right to replevy, but must respond with either the money or the property.

**Attachment—Bond—By Whom Taken.**

A sheriff is required to take the attachment bond for the reason that he must know the solvency of the sureties and that they have executed the undertaking.

**Attachment—Bond—Estoppel of Sureties.**

The sureties on an attachment bond may be estopped from denying their liability on the bond, but they are not estopped from denying that the plaintiff has adopted the proper remedy of charging them with liability.

**Attachment—Bond—Manner of Execution.**

An attachment bond, to be a valid statutory bond, must have been executed in the manner provided by statute, and where the statute requires the bond to be executed in the presence of the sheriff, it can not be taken by the clerk or other officer and thereby make it a statutory obligation.

**Attachment—Bond—Enforcement by Rule.**

In enforcing an attachment bond by rule, it is not necessary that the surety in response to the rule should urge that it was not a statutory bond where such fact is made to appear from the record.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

April 3, 1873.

OPINION BY JUDGE PRYOR.

We are not disposed upon the case as presented to question the validity of the bond executed to the appellants if delivered to the sheriff by the consent of the sureties. The boat by reason of its execution was released from the custody of the sheriff, and the only remedy the appellants have is upon the bond or by enforcing their personal judgment against the original debtor.

The mode of proceeding adopted in this case is by rule requiring the sureties upon the bond to produce the boat or pay the amount of the judgment into court. The code of practice contains

ample provisions for securing judgments upon attachments and provides the mode in which bonds for the performance of the judgment or the forthcoming of the property shall be executed.

The court has the power by the 268th section of the code to permit the execution of a bond upon the terms therein prescribed and upon the execution of which the property shall be released. One of the bonds may be to the effect that the defendant will perform the judgment of the court, or that the boat shall be forthcoming subject to the order of the court. This bond shall be executed to the plaintiff in the presence of the sheriff with surety sufficient for the sum for which the attachment was granted. The sheriff was directed to take the bond in the present case by reason of this provision of the code and had no authority to take it in any other capacity than as sheriff.

These provisions of the code must be complied with before this court will permit plaintiff in the attachment to resort to the harsh and summary mode of enforcing the terms of the bond by rule.

By executing this statutory bond the surety places himself in such a condition that when called on for the money he is not even allowed the right to replevy, but must respond with either the money or property. Hence this court is not willing to take such a liberal view of the provisions of the code authorizing these statutory obligations as to declare them such, unless they are executed as the law requires. The bond in this case was executed by the sureties before the deputy clerk of the Fulton Circuit Court on the 5th day of September, 1869. The sheriff of Livingston County, who alone was authorized to sell the property, had never, so far as this record shows, seen these sureties, or agreed to accept them as such on any bond of the defendants in these attachments. In about six weeks after the bond was signed before the clerk of the Fulton Circuit Court the sheriff of Livingston County made a statement in writing by endorsement on the bond "that the within bond is good and will be received when filed with me," and on the 1st of November, 1865, endorsed on the bond as follows, "the within bond was filed with me on the first of November, 1865. C. G. Hatcher, S. L. C." All these endorsements are made by the sheriff on his return showing why a sale of the boat was not made. These provisions of the code were adopted, and the particular mode of proceeding on attachments defined in order to prevent such a state of

case as is here presented. This bond releasing the attachment would not have been required to be executed in the presence of the sheriff unless it had some meaning attached to it.

If the clerk of another county can take the bond, or any one else, and that without the knowledge or consent of the sheriff, who alone could have taken it under the order, in that case then the provisions of the code are dispensed with and all such bonds must be recognized as statutory obligations.

The sheriff is required to take the bond for the reason that he must know the solvency of the sureties, and that they have executed such a paper.

It is argued, however, that in this case the sureties were solvent and did in fact sign the bond.

This may be true, but does this make it a statutory bond? If so, then any bond executed without the knowledge of the sheriff for the purpose of releasing an attachment, although he never sees the sureties, must be so regarded. The sureties may be estopped from denying their liability on such a bond but they are not estopped from denying that the plaintiff has adopted the very remedy in order to charge them.

A bond, to be a valid statutory bond, must be executed in the manner as provided by the statute, and when the statute requires a bond to be executed in the presence of the sheriff it does not mean nor can it be construed to mean that the clerk of another county can take it, so as to make it a statutory obligation.

Nor was it necessary that the sureties in response to the rule should urge that it was not a statutory bond when the fact was made apparent from the record.

In the case of *Leavitt v. Goggin,* 11 B. Monroe 229, this court adjudged that because the sheriff who had been made a commissioner to sell property had taken the notes payable to him as sheriff, the party entitled to the proceeds was not compelled to resort to his action on the bond, but might enforce it by rule.

There is but little analogy between the cases. In the case referred to the party authorized to sell did sell and did take the bond. If the sheriff had authorized some one else to sell and take the bond it could not have been regarded as a compliance with the law.

In the case of *Watson v. Gabby,* where a party in whose name an execution had issued assigned the execution to a third party, and

the execution was levied on the property of the debtor and a claimant executed bond, as provided by the code, to the assignee of the execution; on motion by the assignee on this claimant's bond for judgment, it was held that the bond was not enforcible as a statutory obligation for the reason that the statutes only authorize the execution of such a bond to the plaintiff in the execution, the legal owner.

This case must be, and is, *affirmed* for the reason alone that the appellant has mistaken his remedy, and must proceed by an ordinary action on the bond.

What the measure of damages will be, and whether the bond was authorized to be delivered by the sureties to the sheriff, are questions this court is not now called on to determine.

Judgment is *affirmed*.

*Bush, Bennett,* for *appellants.*

*Greer, Marble,* for *appellees.*